IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA MATUKAITIS, | : | No. 4:CV 05-1146 |
| Plaintiff | : | |
| | : | |
| v. | : | Judge Jones |
| | : | |
| PENNSYLVANIA COALITION | : | |
| AGAINST DOMESTIC VIOLENCE, | : | |
| et al., | : | |
| Defendants | : | |

**MEMORANDUM AND ORDER**

**November 8, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is Defendants' Susan Kelly-Dreiss, Barbara Hart, Christine Pfau Laney, Lois Quillen, Gretta Gordy, Ola Onaforowa, Margaret Ruddy, Dolly Wideman-Scott, Kathy Whalen, Grace Coleman, Linda Collins, Linda Lyons King, Lynn Snead, Donna "Bonnie" Glover and Shirl Regan (collectively "Individual Defendants") Consolidated Motion to Dismiss Counts I-VI of the First Amended Complaint Pursuant to Fed. R. Civ. Pro. 12(b)(6)("the Motion"). (Rec. Doc. 9).

Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2601 *et seq.*, The Family and Medical Leave Act ("FMLA").

For the following reasons, the Motion is denied.

**FACTUAL BACKGROUND:**

The Plaintiff, Lisa Matukaitis ("Plaintiff" or "Matukaitis"), an attorney licensed in the state of Connecticut, was employed by Defendant Pennsylvania Coalition Against Domestic Violence ("PCADV") from May 2002 until January 2005.  (Rec. Doc. 12 at 6).  PCADV is a Pennsylvania non-profit corporation, with its principal place of business in Harrisburg, Pennsylvania.  For the relevant period of time, July 2003 to January 2005, Plaintiff held the position of Staff Attorney with the Battered Women's Justice Project ("BWJP") of the PCADV.  During the first few months of her work with BWJP, Plaintiff received praise from her co-workers and superiors concerning the excellence of her work.  (Rec. Doc. 8 at 26).

In January 2004, Plaintiff requested and was granted twelve (12) weeks of FMLA leave to begin on January 9, 2004. Plaintiff requested the leave earlier than originally anticipated in order to attend to pregnancy-related medical issues. Plaintiff returned to full-time work on March 9, 2004, eight weeks after she began her initial FMLA leave.  Due to her early return to work in March, 2004, Plaintiff had four weeks of FMLA leave remaining.  However, Plaintiff's immediate supervisor, Defendant Christine Pfau Laney ("Pfau Laney"), told Plaintiff that an early return to work would not entitle her to use any weeks of FMLA leave owed to Plaintiff.  Plaintiff understood Pfau Laney's statement to be a

mischaracterization of her rights under the FMLA, however Plaintiff apparently did not communicate her thoughts to Pfau Laney at that time. (Rec. Doc. 8 at 33).

Plaintiff's initial return to work went without incident and she resumed her full load of responsibilities as Staff Attorney. (Rec. Doc. 8 at 29-30). Plaintiff continued to receive praise regarding the excellent caliber of her work. For example, in a July 2004, PCADV's Legal Director, Defendant Barbara Hart ("Hart") sent a note to Plaintiff calling her PCADV's "shining star." (Rec. Doc. 8, Ex. 2).

On September 7, 2004, Plaintiff informed Pfau Laney and Defendant Lois Quillen ("Quillen") of her immediate need to re-arrange her work schedule to care for her infant son. Plaintiff suggested the use of flex-time or a work-from-home arrangement to accommodate her needs. Plaintiff alleges that Pfau Laney and Quillen discouraged Plaintiff from requesting FMLA leave. By September 15, 2004, Pfau Laney and Quillen had not responded to Plaintiff's request for flexible work arrangements, and Plaintiff therefore informed Pfau Laney that she intended to take her remaining four weeks of FMLA leave, on an intermittent basis between October 15, 2004 and January 10, 2005, to care for her infant son's medical needs. Plaintiff alleges that Pfau Laney became visibly angered at Plaintiff's request and told Plaintiff to complete an in-writing request for the remaining FMLA leave.

Plaintiff alleges that Pfau Laney became angered because Pfau Laney would be required to work in the office, rather than from home as Pfau Laney often did, on days when Plaintiff would be on FMLA leave. (Rec. Doc. 8 at 3-35).

Plaintiff alleges that she requested specific days for FMLA leave, taking care to avoid using FMLA leave during already scheduled PCADV-sponsored conferences. Plaintiff also alleges that she did not request FMLA leave during periods of time in November and December, 2004 when Pfau Laney had scheduled vacation. Plaintiff's request was granted on September 16, 2005. (Rec. Doc. 8 at 35, 37).

Plaintiff alleges that following her September 15, 2005 request to use her remaining FMLA leave, Pfau Laney and Quillen violated Plaintiff's rights under the FMLA. For example, Plaintiff alleges that Pfau Laney forced Plaintiff to work on designated FMLA leave days, refused to supervise Plaintiff's work, cancelled Plaintiff's scheduled attendance at PCADV conferences, assigned Plaintiff tasks that were secretarial in nature, refused to complete Plaintiff's annual evaluation, and accelerated the deadline of one of Plaintiff's long-term projects, all in retaliation to Plaintiff taking her remaining FMLA leave. (Rec. Doc. 8 at 36-45).

On November 23, 2004, Quillen verbally informed Plaintiff that the Harrisburg office of BWJP was closing, effective February 1, 2005. PCADV

thereafter informed Plaintiff that she had until December 31, 2004 to decide whether she would relocate to BWJP's Washington, D.C. office, starting work no later than February 1, 2005 at that location. (Rec. Doc. 8 at 48-49). In a conversation with Quillen on November 23, 2004, Plaintiff requested to work in the Harrisburg office of PCADV until she was able to relocate to Washington, D.C. Quillen denied Plaintiff's request but informed Plaintiff that if she were unable to relocate with BWJP, that PCADV would offer her a consulting agreement. (Rec. Doc. 8 at 53).

Plaintiff alleges that PCADV knew about the impending Harrisburg office closure prior to November 23, 2004, but chose to keep this information from Plaintiff in order to reduce her ability to relocate to Washington, D.C. within such a limited period of time. Plaintiff alleges that Pfau Laney's resignation on October 22, 2004, effective January 3, 2005 is evidence of Pfau Laney's advance notice of the impending office closure. (Rec. Doc. 8 at 51).

On December 30, 2004, Plaintiff filed a written internal complaint with PCADV, in compliance with PCADV's Employee Handbook rules and procedures, outlining Pfau Laney's, Hart's and Quillen's alleged violations of the FMLA. (Rec. Doc. 8, Ex. 5). On January 3, 2005, Plaintiff participated in a telephone conversation regarding her internal complaint with Susan Kelly-Dreiss ("Kelly-

Dreiss"), the Executive Director of PCADV, and Ola Onafowora ("Onafowora"), PCADV Human Resources Manager. Both Kelly-Dreiss and Onafowora reiterated that if Plaintiff was unable to relocate to Washington, D.C., PCADV would enter into a consulting agreement with Plaintiff. (Rec. Doc. 8 at 56). However, at a meeting held on January 5, 2005, Kelly-Dreiss and Onafowora informed Plaintiff that no such consulting agreement would be forthcoming if Plaintiff decided not to relocate to Washington, D.C. Also during this meeting, Plaintiff was informed that PCADV would extend Plaintiff's start date in Washington from February 1, 2005 to April 1, 2005, but only if Plaintiff immediately expressed her desire to move with BWJP. (Rec. Doc. 8 at 59).

Plaintiff alleges because that her internal complaint with PCADV could not be informally or amicably resolved, she filed a formal complaint with the U.S. Department of Labor ("DOL") on January 25, 2005. The following day, January 26, 2005, Plaintiff found a termination notice under her office door, informing Plaintiff that she was fired as of January 31, 2005. Plaintiff alleges that her termination was in direct retaliation to her formal DOL complaint. (Rec. Doc. 8 at 71-72).

**PROCEDURAL HISTORY:**

Plaintiff initiated this action by filing a complaint (doc. 1) with this Court

on June 7, 2005. On August 16, 2005, Defendants filed a Consolidated Motion to Dismiss. (Rec. Doc. 6). Thereafter, Plaintiff filed an amended complaint on September 7, 2005. The instant Motion was filed on September 23, 2005. The Motion has been fully briefed by the parties and is therefore ripe for review.

**STANDARD OF REVIEW:**

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d7 310 (3d Cir. 1986).

**DISCUSSION:**

    **A.**    **Dismissal of Counts I-VI of the Amended Complaint**

The Individual Defendants move this Court to dismiss Counts I-VI of Plaintiff's amended complaint (doc. 6) on the grounds that the FMLA does not extend liability to individuals.

The text of the FMLA does not provide for individual liability. See 29 U.S.C. § 201 et seq. However, the FMLA tracks the statutory language of the Fair Labor Standards Act ("FLSA"), which does warrant individual liability for violators. See Fassl v. Our Lady of Perpetual Help Roman Catholic Church, 2005 U.S. Dist. LEXIS 22546, *34 (E.D. Pa. 2005)(citing Kilvitis v. County of Luzerne, 52 F. Supp. 2d 403, 412 (M.D. Pa. 1999)). In fact, the pertinent regulation promulgated under the FMLA refers to the FLSA. The regulation states, "as under the FLSA, individuals . . . acting in the interest of an employer are individually liable for any violation of the requirements" of the FMLA. See 29 C.F.R. § 825.104(d).

The Court of Appeals for the Third Circuit has not yet held that an individual can be liable as an 'employer' under the FLSA. However, this Court and other District Courts in the Third Circuit have repeatedly so held. See Kilvitis, 52 F. Supp. 2d 403 (M.D. Pa. 1999); Lloyd v. Wyoming Valley Health Care System, 994 F. Supp. 288 (M.D. Pa. 1988); Fassl, 2005 U.S. Dist. LEXIS 22546 (E.D. Pa. 2005); Norris v. North American Publishing Co., 1997 U.S. Dist. LEXIS

2352 (E. D. Pa. 1997); McKiernan v. Smith-Edwards-Dunlap Co., 1995 U.S. Dist. LEXIS 6822 (E.D. Pa. 1995).  The logic and reasoning contained within these cases persuade us that we should not depart from the sound holdings of our colleagues.

Therefore, for the foregoing reasons, the Individual Defendant's Motion to Dismiss Counts I-VI is denied.

### B. Dismissal of Counts I-VI with Respect to the 'Non-Supervisor' Defendants

Defendants Ola Onafowora, Human Resources Manager, Margaret Ruddy, PCADV Board President , Dolly Wideman-Scott, PCADV Board Member, Kathy Whalen, PCADV Board Vice-President, Grace Coleman, PCADV Board Member, Linda Collins, former PCADV Board Member, Linda Lyons King, PCADV Board Member, Lynn Snead, PCADV Board Member, Donna "Bonnie" Glover, PCADV Board Member, and Shirl Regan, PCADV Board Member (collectively "Non-Supervisor Defendants") move this Court to dismiss Counts I-VI against them on the grounds that they cannot be considered 'employers' for purposes of the FMLA.

The Non-Supervisor Defendants argue that to be considered an 'employer' under the FMLA, an individual must maintain control over the terms and conditions of the plaintiff's employment.  See Kilvitis, 52 F. Supp. 2d at 413 (M.D.

Pa. 1999). The Non-Supervisor Defendants argue that they did not have "operational control" over Plaintiff, nor does Plaintiff allege sufficient facts to state a claim against them. (Rec. Doc. 10 at 14).

Plaintiff argues that it is premature for this Court to decide whether a particular Defendant is an 'employer' for FMLA purposes in a Fed. R. Civ. Pro. 12(b)(6) motion to dismiss. Plaintiff correctly notes that Fed. R. Civ. Pro. 8(a)(2) notice pleading standard only requires Plaintiff to plead a "short and plain statement of the claim showing that the pleader is entitled to relief." The statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). The Rule 8(a)(2) notice pleading standard "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Soremak, 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47-48).

Plaintiff argues that the contents of her amended complaint (doc. 8) satisfy the Rule 8(a)(2) notice pleading standard and should therefore survive a Rule 12(b)(6) motion to dismiss. In her amended complaint (doc. 8), Plaintiff sets forth a short paragraph for each individually named Defendant, including a plain statement of her claims against each Defendant. We find that Plaintiff's amended

complaint satisfies the Rule 8(a)(2) notice pleading standard, and that the determination of whether the Non-Supervisor Defendants are 'employers' pursuant to the FMLA is appropriately saved for disposition after further discovery by the parties.

For the foregoing reasons, the Motion to Dismiss Counts I-VI against the Non-Supervisor Defendants is denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Defendant's Consolidated Motion to Dismiss Pursuant to Fed. R. Civ. Pro. 12(b)(6) (doc. 6) is DISMISSED as moot.

2. The instant Motion (doc. 9) is DENIED.

s/ John E. Jones III
John E. Jones III
United States District Judge